## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

TINA CARDWELL

      PLAINTIFF,

v.                    CIVIL ACTION NO.: 3:22-cv-4835

THE GEO GROUP, INC.

      DEFENDANT.

_____/

## **COMPLAINT**

Plaintiff, Tina Cardwell, (hereinafter referred to as the "Plaintiff" or "Cardwell"), by and through her undersigned attorney, sues the defendant, The GEO Group, Inc. (hereinafter referred to as the "Defendant" or "GEO"), and alleges as follows:

### *INTRODUCTION*

1.    Plaintiff brings this action pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.,S.C. 2000e, et seq., the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

### *JURISDICTION AND VENUE*

2.    This is an action to remedy discrimination on the basis of sexual harassment, gender discrimination, hostile work environment and for retaliation for engaging in a protective activity in the terms, conditions, and privileges of Plaintiff's employment in violation Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. , and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

3.    Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

4.    Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

5.    Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

6.    This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

7.    Plaintiff has complied with all conditions precedent and

administrative remedies have been exhausted and jurisdiction is invoked pursuant

to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of

1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a

Charge of Discrimination with the Florida Commission on Human Relations

(FCHR No.: 202022499) and the United States Equal Employment Opportunity

Commission (EEOC No.: 15D202000364) on November 19, 2019. On June 4,

2020, more than 180 days since Plaintiff's charge was filed, the FCHR was unable

to conciliate or make a determination pursuant to Fla. Stat. § 760.11(3). Pursuant to

Fla. Stat. § 760.11(4) and (8), Plaintiff now brings this suit. Plaintiff further

requested her 90 day Notice of Right to Sue letter from the EEOC which was

received on January 11, 2022.

## *PARTIES*

8.    Plaintiff is a Caucasian female and a citizen of the State of Florida,

Escambia County and who resides in Pensacola, Florida.

9.    Defendant, GEO, is a for profit Florida corporation that is licensed to

do and does business in the State of Florida, Santa Rosa County.

## *FACTS*

10.    Plaintiff is a 43-year-old Caucasian female.

11.    Plaintiff began her employment with Defendant in October 2018 at

the Blackwater River Correctional Facility in Milton, Florida as a correctional

officer.

12.     Defendant operates the Blackwater River Correctional Facility on behalf of the Florida Department of Corrections.

13.     Plaintiff performed her duties in a satisfactory manner.

14.     In April 2019, Captain Sanders started sending Plaintiff sexually depicting text messages which were unprofessional and in violation of Defendant's policies for maintaining a work environment free of discriminatory and harassing behavior.

15.     Plaintiff became very uncomfortable at the workplace, especially when around Captain Sanders.

16.     Plaintiff reported the incident to HR however the harassment continued.

17.     Eventually Captain Sanders resigned his position, however because she reported Captain Sander to HR and he resigned, Plaintiff then became the target of additional harassment and retaliation by Captain Sander's peers.

18.     After Captain Sander's resignation, Plaintiff was written up multiple times for fabricated allegations by her male supervisors.

19.     Plaintiff was then transferred to a different shift and written up even more resulting in her receiving a final reprimand.

20.     As a result of the ongoing retaliation and harassment, on November

19, 2019, Plaintiff filed a charge of decimation with the FCHR and EEOC.

21.    Plaintiff continued to reports acts of retaliation and harassment by her command and fellow corrections officers to HR over the next few months.

22.    Eventually on February 28, 2020, Defendant terminated Plaintiff's employment.

### FIRST CAUSE OF ACTION
*(Title VII - Gender Discrimination)*

23.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 22 of this complaint with the same force and effect as if set forth herein.

24.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

25.    Defendant is an employer within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as it employees in excess of fifteen (15) employees.

26.    Plaintiff is a Caucasian female.

27.    Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual discrimination and unfavorable treatment by her male supervisors.

28.    Plaintiff reported the workplace discrimination and on more than one occasion.

29.    Defendant's failure to act or put an end to the discrimination ultimately Plaintiff lead to her termination.

30.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### *(Title VII – Gender Retaliation)*

31.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 22 of this complaint with the same force and effect as if set forth herein.

32.    Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

33.    Plaintiff objected to and reported activity and practices of discrimination and retaliation.

34.    Because she reported Captain Sander to HR and his resignation, Plaintiff then became the target of additional harassment and retaliation by his former male peers.

35.    After Captain Sander's resignation, Plaintiff was written up multiple times for fabricated allegations by her male supervisors.

36.    Plaintiff was then transferred to a different shift and written up receiving a final reprimand.

37.    As a result of the ongoing retaliation and harassment, on November 19, 2019, Plaintiff filed a charge of decimation with the FCHR and EEOC.

38.    Plaintiff continued to report acts of retaliation and harassment by her command and fellow corrections officers to HR over the next few months.

39.    Eventually on February 28, 2020, Defendant terminated Plaintiff's employment.

40.Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Florida Civil Rights Act - Gender Discrimination)*

41.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 22 of this complaint with the same force and effect as if set forth herein.

42.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Florida Civil Rights Act as it employees in excess of fifteen (15) employees.

43.    Plaintiff is a Caucasian female.

44.    Plaintiff's workplace permeated with discriminatory intimidation,

ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual discrimination and unfavorable treatment by her male supervisors.

45.     Plaintiff reported the workplace discrimination and on more than one occasion.

46.     Defendant's failure to act or put an end to the discrimination ultimately Plaintiff lead to her termination.

47.Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
### *(Florida Civil Rights Act – Gender Retaliation)*

48.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 22 of this complaint with the same force and effect as if set forth herein.

49.     Defendant has retaliated against Plaintiff for availing herself of the protections afforded her pursuant to the Florida Civil Rights Act.

50.     Plaintiff objected to and reported activity and practices of discrimination and retaliation.

51.     Because she reported Captain Sander to HR and his resignation, Plaintiff then became the target of additional harassment and retaliation by Captain

Sander's former male peers.

52.     After Captain Sander's resignation, Plaintiff was written up multiple times for fabricated allegations by her male supervisors.

53.     Plaintiff was then transferred to a different shift and written up receiving a final reprimand.

54.     As a result of the ongoing retaliation and harassment, on November 19, 2019, Plaintiff filed a charge of decimation with the FCHR and EEOC.

55.     Plaintiff continued to report acts of retaliation and harassment by her command and fellow corrections officers to HR over the next few months.

56.     Eventually on February 28, 2020, Defendant terminated Plaintiff's employment.

57.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### FIFTH CAUSE OF ACTION
*(Florida Civil Rights Act- Gender/ Hostile Work Environment)*

58.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 22 of this complaint with the same force and effect as if set forth herein.

59.     Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Florida Civil Rights Act.

60.     Plaintiff is a Caucasian female.

61.     Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Plaintiff's gender.

62.     After Captain Sander's resignation, Plaintiff was written up multiple times for fabricated allegations by her male supervisors.

63.     Plaintiff was then transferred to a different shift and written up receiving a final reprimand.

64.     As a result of the ongoing retaliation and harassment, on November 19, 2019, Plaintiff filed a charge of decimation with the FCHR and EEOC.

65.     Plaintiff continued to report acts of retaliation and harassment by her command and fellow corrections officers to HR over the next few months.

66.     Eventually on February 28, 2020, Defendant terminated Plaintiff's employment.

67.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*SIXTH CAUSE OF ACTION*
*(Title VII Sexual Harassment/ Hostile Work Environment)*

68.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 22 of this complaint with the same force and effect as if set forth herein.

69.   Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Title VII of the Civil Rights Act of 1964.

70.   Plaintiff is a Caucasian female.

71.   Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Captain Sanders.

72.   During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances by Captain Sanders.

73.   The harassment Plaintiff was subjected to was sufficiently severe and pervasive as it occurred on a regular basis while employed by Defendant.

74.   Plaintiff reported the workplace sexual harassment on more than one occasion further resulted in tension and hostility towards Plaintiff from Defendant's other staff members which further lead to her termination.

75.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless

11

and until this Court grants relief.

### EIGHTH CAUSE OF ACTION
*(Florida Civil Rights Act- Sexual Harassment/ Hostile Work Environment)*

76.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 22 of this complaint with the same force and effect as if set forth herein.

77.    Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Florida Civil Rights Act.

78.    Plaintiff is a Caucasian female.

79.    Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassment of Plaintiff by Captain Sanders.

80.    During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment, sexual advances by Captain Sanders.

81.    The harassment Plaintiff was subjected to was sufficiently severe and pervasive as it occurred on a regular basis while employed by Defendant.

82.    Plaintiff reported the workplace sexual harassment on more than one occasion further resulted in tension and hostility towards Plaintiff from Defendant's other staff members which further lead to her termination.

83.    Plaintiff is now suffering and will continue to suffer irreparable injury

and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)      Declaring the acts and practices complained of herein are violation of the Title VII and the Florida Civil Rights Act (FCRA).

b)      Enjoining and permanently restraining those violations of the Title VII, Title VII and the Florida Civil Rights Act (FCRA).

c)      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)      Awarding Plaintiff Front Pay in lieu of reinstatement;

f)      Awarding Plaintiff compensatory damages;

g)      Awarding Plaintiff the costs of this action together with a reasonable

attorney's fees; and,

h)    Granting such other and further relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: April 1, 2022.          By: */s/ Clayton M. Connors*

CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388

Attorney for the Plaintiff,